UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:12-CV-00231-KKC

BEVERLY SUE FLOYD                                                            PLAINTIFF

V.                       **MEMORANDUM OPINION AND ORDER**

MICHAEL ASTRUE                                                               DEFENDANT
COMMISSIONER OF SOCIAL SECURITY

Before the Court are cross-motions for summary judgment on Plaintiff Beverly Sue Floyd's appeal of the Commissioner's denial of her application for disability insurance benefits. For the following reasons, the Court will grant the Commissioner's motion (DE 9) and deny the Plaintiff's motion (DE 8).

**I.      Background**

At the time that the ALJ conducted a hearing on this matter, the Plaintiff was 48 years old. AR 31. She alleges disability beginning December 31, 2004. AR 158-61. Her claim for disability benefits was denied initially and upon reconsideration. AR 72. After hearing the matter, the ALJ issued a decision denying the Plaintiff's claim. AR 13. The Appeals Council denied the Plaintiff's request for a review and the Plaintiff then filed this action. AR 1.

The Plaintiff dropped out of high school but obtained a GED. AR 31-33. She worked from 1998 to 2008 as an assistant manager at Dairy Queen. AR 15. She worked as a cashier at a Dollar General Store from April 2008 to December 2008 when she asserts she stopped working due to her medical condition. AR 15.

The ALJ analyzed the Plaintiff's claim using the traditional five-step analysis. At step one, the ALJ determined that further evidence was required to determine whether the Plaintiff is engaged

in substantial gainful activity. AR 15. The ALJ declined to decide this issue, however, finding that the claim should be denied at a later step regardless of whether the Plaintiff was engaged in gainful activity. AR 15.

At step two, the ALJ determined that the Plaintiff had certain severe impairments consisting of fibromyalgia, thoracic spine degenerative disc disease, lumbar spine degenerative disc disease, bilateral knee osteoarthritis, plantar fasciitis, and right shoulder tendonitis. AR 16. At step three, however, the ALJ determined that the claim did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 17.

The ALJ determined that the Plaintiff had the residual functional capacity to lift and carry more than 20 pounds occasionally and up to 10 pounds frequently; to stand and/or walk two hours in an eight-hour workday, but not more than 30 minutes at one time; and to sit six hours in an eight-hour workday. The ALJ further determined that the Plaintiff could occasionally climb, balance, kneel, crouch and crawl. AR 17.

At step four, the ALJ determined that the Plaintiff was unable to perform any past relevant work. AR 19. At step five, however, the ALJ determined that there are jobs in significant numbers in the national economy that the Plaintiff could perform. AR 20. Thus, the ALJ determined that the Plaintiff was not disabled.

## II. Analysis

This Court's inquiry on review is limited to determining if the ALJ's findings were supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). The Plaintiff argues that the ALJ erred in two ways: (1) by finding the Plaintiff's mental disorders were nonsevere impairments; and (2) by failing to grant sufficient weight to the opinion evidence offered by the Plaintiff's treating physician.

As to the first alleged error – the ALJ's determination that the Plaintiff's mental condition was not severe – the ALJ recognized that the Plaintiff had mental impairments of depression, posttraumatic stress disorder, personality disorder, and generalized anxiety disorder but determined that these disorders, whether considered individually or in combination, were nonsevere because they imposed only minimal limitations on the Plaintiff's ability to perform mental work activities. AR 16. This finding is supported by substantial evidence.

In reaching her determination, the ALJ considered the four functional areas known as the "paragraph B" criteria. AR 16. As to the first functional area – daily living – the ALJ noted that the Plaintiff herself had admitted a wide range of daily activities including helping with her grandchildren, doing laundry and other light household cleaning, reading, cooking, shopping, driving, watching television, visiting with friends and family, and eating out at restaurants. AR 16.

As to the second functional area – social functioning – the ALJ noted that the Plaintiff admitted that she can tolerate being in public and that she was able to visit with friends and family and attend church on a regular basis. As to the third functional area – concentration and persistence or pace – the ALJ noted that the Plaintiff was able to engage in activities that required these skills including reading, driving, and cooking. With regard to the fourth functional area, the ALJ noted that the Plaintiff had experienced no extended episodes of decompensation. AR 16.

The ALJ noted a psychological evaluation by Jennifer L. Wilke-Deaton that found the Plaintiff had "marked" limitations in all areas. However, the ALJ correctly noted that the evaluation largely simply reports the subjective complaints of the Plaintiff. AR 388-96. In support of her finding, the ALJ noted that the Plaintiff had been prescribed medication for her mental conditions but had never sought therapeutic treatment such as counseling and had never been hospitalized for her mental conditions. AR 16.

3

The Plaintiff cites a consultative evaluation conducted by Dr. Harwell Smith. While Dr. Smith found that the Plaintiff was moderately restricted in her ability to interact with the public, he found that she was only mildly restricted in her ability to interact with supervisors and co-workers and her ability to respond appropriately to work situations and to changes in a routine work setting. AR 405. Further, Dr. Smith determined that the Plaintiff's ability to do activities of daily living and complete tasks was good and her ability to interact socially and to tolerate stress was fair. AR 402. Dr. Smith's opinion is not contrary to the ALJ's determination that the Plaintiff's mental disorders are not severe.

Further, because the ALJ determined that the Plaintiff had some severe impairments and, thus, continued with the five-step analysis, the ALJ's determination that the Plaintiff's mental condition was not severe is "legally irrelevant." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008).

As to the Plaintiff's second argument – that the ALJ erred by failing to give the opinion of the Plaintiff's treating physician sufficient weight – treating physicians' opinions are entitled to great weight "only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347–48 (6th Cir.1993).

The Plaintiff's treating physician, Dr. Steve Green, opined that, due to the Plaintiff's back pain, she could lift only a maximum of three pounds; that she could stand or walk for only two hours and sit for five hours in an eight-hour workday. AR 346. Dr. Green further opined that the Plaintiff could never climb, balance stoop, crouch or crawl. AR 347.

The ALJ granted little weight to Dr. Green's opinion finding that it was not supported by Dr. Green's own findings and was inconsistent with substantial evidence in the record. While Dr. Green's treatment notes sporadically discuss the Plaintiff's back pain, prior to Dr. Green's

4

November 27, 2009 assessment for disability purposes, his notes do not contain any indication that the Plaintiff is physically limited to the extent that his opinion states. AR 325-39. Further, the ALJ noted that the treatment that the Plaintiff had received for her physical impairments had been "essentially routine and/or conservative in nature." AR 18. She had never had surgery, been hospitalized or "even received treatment from specialists." AR 18.

Other evidence in the record contradicts Dr. Green's opinion. For example, consultative examiner Dr. David Winkle stated that the Plaintiff's ranges of motion were "all within normal limits." AR 291. He noted that she was able to move about with "no assistive devices and without any obvious gait disturbance." AR 291. He further noted that the Plaintiff had "normal grip strength and dexterity in both upper extremities." AR 291. Further, as discussed above, the Plaintiff herself admitted that she was able to perform a wide variety of daily activities including laundry, cleaning, cooking, shopping, and driving.

Accordingly, the ALJ's decision to grant little weight to Dr. Green's disability opinion is supported by substantial evidence in the record.

For all these reasons, the Court hereby ORDERS that the Commissioner's motion for summary judgment (R. 9) is GRANTED and the Plaintiff's motion for summary judgment (DE 8) is DENIED.

Dated this 3rd day of December, 2013.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY